PEOPLE ex rel. ANDRUS v. BOARD OF SUP'RS OF SARATOGA COUNTY.

(Supreme Court, Appellate Division, Third Department. June 29, 1905.)

1. COUNTIES—CLAIMS—AUDIT BY SUPERVISORS—SUFFICIENCY.

Where the county board of supervisors audited a bill presented at its annual meeting, specifying the items rejected, and giving the reasons therefor, a rejection in a subsequent year of the rejected items as "not a legal charge against the county" constituted a sufficient audit of the bill to enable the claimant to procure a review of such audit by certiorari, and a mandamus to compel the board to audit the bill was properly denied.

2. SAME—MANDAMUS TO COMPEL AUDIT—CONDITIONAL DENIAL.

Where a claimant's bill was rejected by the county board of supervisors as not a proper charge against the county, whereas it was conceded that an item of 67 cents contained in the bill was a proper charge, it was permissible for the court to deny a writ of mandamus to compel the board to audit the bill on condition of the payment by the board of the item conceded to be due.

Appeal from Special Term, Saratoga County.

Mandamus by the people, on the relation of Eugene A. Andrus, against the board of supervisors of Saratoga county. From an order conditionally denying the writ, relator appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Charles B. Andrus, for appellant.
Clarence B. Kilmer, for respondent.

CHESTER, J. The relator, during the years from 1899 to 1902, inclusive, was a deputy sheriff of the county of Saratoga. A warrant for the arrest of one Britton, charged with burglary, issued by a justice of the peace of his county, was placed in his hands for execution. He incurred some expense in traveling in search of Britton, and finally learned that he was a prisoner, confined under a sentence to the Elmira Reformatory. The relator went to Elmira, but, as Britton was already in custody of the law, no arrest could be made under the warrant. Britton was afterwards indicted, and a bench warrant issued and placed in the hands of the relator for service. When Britton was released from the reformatory, the relator again went there from Saratoga Springs, and arrested Britton under the bench warrant on October 20, 1902, and brought him to the county jail at Ballston. At the annual session of the defendant in November, 1902, the relator presented a bill for audit, claiming fees for serving certain subpœnas, and for travel under the justice's warrant and also under the bench warrant. The defendant audited the fees for travel claimed under the bench warrant, and rejected those claimed under the justice's warrant, as no arrest was made under that, specifying the items rejected, and giving the reasons therefor. At the annual session of the defendant in 1903, the relator presented a bill for audit, made up of such rejected items. This bill was rejected as not a legal charge against the county. The bill, with some change in form, was again presented in 1904, and was again rejected for the same reason. The

relator by this proceeding seeks to compel the defendant by mandamus to audit such bill.

It seems to me clear that the bill of the relator has been audited according to law, and that, if the relator desires to review by certiorari the action of the defendant in rejecting the amount of his claim for travel under the justice's warrant, nothing further need be required of the defendant as preliminary to such review. The term "audit" includes both the allowance and the rejection of a claim. People ex rel. Myers v. Barnes, 114 N. Y. 317, 20 N. E. 609. 21 N. E. 739. When the claim was first presented in 1902 some items were allowed, and other specified items were rejected for reasons stated. Nothing appears to show that the items for travel fees rejected were not passed upon, upon their merits. The reason given for their rejection was that no arrest was made, and the reason given for rejecting the same items the next year was that they were not a legal charge against the county. They might well have been rejected on the ground that they had been audited and rejected by the board the previous year. Osterhoudt v. Rigney, 98 N. Y. 222. Notwithstanding the last rejection, the claim for travel fees under the justice's warrant was presented for audit the third time in 1904. Included in this claim as presented was an item for fees for services and travel in serving a subpoena upon two witnesses in the same case. The entire bill was rejected as not a legal claim against the county. It seems to be conceded that the fees for serving the subpoena were a proper charge against the county and should have been allowed. For this reason, the relator urges that he is entitled to a peremptory writ to compel an audit; but as the amount thereof was only 67 cents, the court at Special Term, in view of its insignificance, was entirely justified in exercising its discretion to deny a peremptory writ, upon the payment by the defendant of that amount to the relator. The amount having been tendered to the relator and refused, for the reasons stated, the order appealed from was right, and should be affirmed, with $10 costs and disbursements. All concur.